UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,                    Case No. 3:11-cv-00832-HA

    Plaintiff,                              OPINION AND ORDER

    v.

FRED MEYER STORES, INC.,

    Defendant.

———————————————

HAGGERTY, District Judge:

    Pursuant to Federal Rule of Civil Procedure 59(e), the Equal Employment Opportunity Commission ("plaintiff") moves this court to reconsider a portion of its June 17, 2013 Opinion and Order [156]. Specifically, plaintiff moves the court to reconsider its denial of plaintiff's request for summary judgment as to Affirmative Defense 19 and its holding that there exists an affirmative defense requiring the mitigation of emotional damages. For the reasons discussed below, plaintiff's Motion to Reconsider [157] is granted.

1 - OPINION AND ORDER

## BACKGROUND

Plaintiff initiated this action under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex and to provide relief to a class of current and former employees of defendant Fred Meyer Stores, Inc. In defendant's Answer and Affirmative Defenses to the First Amended Complaint, defendant sets forth Affirmative Defense 19, which asserts that plaintiff's class members had a duty to mitigate damages, including emotional damages. In its Motion for Partial Summary Judgment [126], plaintiff moved for summary judgment on Affirmative Defense 19.

In its Opinion and Order, dated June 17, 2013, this court denied plaintiff's request for summary judgment on Affirmative Defense 19. In so doing, this court cited several cases that it found persuasive in determining whether the duty to mitigate emotional damages was appropriate in Title VII cases. Now, plaintiff asks that this court reconsider its decision, on the basis that it was manifestly unjust.

## ANALYSIS

Reconsideration, pursuant to Federal Rule of Civil Procedure 59(e), is appropriate "in the face of the existence of new evidence, an intervening change in the law, or as necessary to prevent manifest injustice." *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citation omitted). A motion for reconsideration should not be granted absent "highly unusual circumstances," unless, *inter alia*, the court "committed clear error." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation,* 331 F.3d at 1046. (citation omitted).

2 - OPINION AND ORDER

This court acknowledges defendant's citation to *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000), which states that "[a] Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." (emphasis in original). However, the Ninth Circuit has also held that "[a] court abuses its discretion in denying a motion for reconsideration if the underlying decision 'involved clear error of law.'" *In re Onecast Media, Inc.*, 439 F.3d 558, 561 (9th Cir. 2006) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999)). In this case, the court must remedy its clear error of law.

Plaintiff argues that Title VII contains no requirement that claimants mitigate their compensatory damages, and through this court's Opinion and Order, it created a burden on plaintiffs that Congress did not intend. Plaintiff cites a recent Supreme Court opinion, *Texas Southwestern Medical Center v. Nassar*, 133 S. Ct. 2517, 2528 (2013), which states "it would be improper to conclude that what Congress omitted from the statute is nevertheless within its scope." However, there is a presumption that Congress adjudicates against a backdrop of common-law adjudicatory principles. *Astoria Federal Sav. and Loan Ass'n v. Solimino*, 501 U.S. 104, 108 (1991). When a common law principle is well established, the courts may take it as given that Congress has legislated with an expectation that the principle will apply except when a statutory purpose to the contrary is evident. *Id.* Accordingly, defendant relies on the Ninth Circuit Model Civil Jury Instructions, which state that the plaintiff has a duty to use reasonable efforts to mitigate damages. Defendant asserts that this duty is present regardless of whether the duty was explicitly legislated by Congress.

While this court found common law persuasive in denying plaintiff's request on summary

3 - OPINION AND ORDER

judgment, it is clear that this court erred by failing to consider Congress' "statutory purpose" in drafting Title VII, as it is required to do pursuant to the holding in *Astoria Federal Sav. and Loan Ass'n*. Congress' statutory purpose is most readily demonstrated by Congress' 1972 Amendments to Title VII. In the 1972 Amendments, Congress explicitly chose to include a duty of claimants to mitigate back pay losses. Pub. L. No. 92-261, 86 Stat. 103, 107 (1972). Congress' deliberate decision to carve out this duty to mitigate damages clearly signifies that Congress did not intend to create a duty to mitigate all compensatory damages. If Congress intended there to be a duty to mitigate all compensatory damages, it is illogical that it chose to single out the duty to mitigate back pay alone. Because this court relied on common law when faced with an evident statutory purpose, it committed clear error. Accordingly, reconsideration is appropriate and Title VII claimants do not have a duty to mitigate emotional damages.

## CONCLUSION

For the foregoing reasons, plaintiff's Motion for Reconsideration [157] is GRANTED. Therefore, plaintiff is awarded summary judgment as to defendant's Affirmative Defense 19, which is striken.

IT IS SO ORDERED.

DATED this *19* day of September, 2013.

Ancer L. Haggerty
United States District Judge

4 - OPINION AND ORDER